ESTHER M. HILL and DEWEY S. MALEK, Plaintiffs and Respondents, v. JAMES ZUCKERMAN and JOHN J. OBSTARCZYK, Defendants and Appellants.

No. 10011.
Submitted May 4, 1960. Decided August 19, 1960.
Rehearing denied October 14, 1960.
355 P. 2d 521.

Hall, Alexander & Kuenning, Great Falls, for appellants.
H. Cleveland Hall argued orally for appellants.
Wuerthner & Wuerthner, Great Falls, for respondents.
John J. Wuerthner argued orally for respondents.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

This action is for a declaratory judgment. It seeks the construction of a written lease and declaration of the rights of plaintiffs thereunder.

The facts are these: On December 6, 1948, Zuckerman was the owner of the premises involved which are located at 222 Central Avenue, Great Falls, and on which is located what is called the Pension Bar. On that day he entered into a written

lease whereby he leased the premises to William H. Earl and James M. Carlisle for a term of five years with the privilege of renewal for an additional ten years on the same terms and conditions.

On June 15, 1949, Carlisle quitclaimed and assigned all of his rights to William H. Earl with the approval of Zuckerman.

That as a result of judicial proceedings in the district court of Cascade County, a judgment was entered by which it was decreed that the lease made on December 6, 1948, had been renewed for an additional ten year period. In the meantime, Andrew A. Balko and George A. Bartnick had purchased the Pension Bar under a conditional sales contract and an assignment of the lease by William H. Earl, which was held in escrow until payment of the full purchase price. Balko and Bartnick were parties to the action resulting in the renewal of the lease for an additional ten years. On November 17, 1954, Balko and Bartnick paid the balance due on the purchase price and became the owners of the lease and the Pension Bar. On that day they sold and assigned all their interest in the lease and in the Pension Bar to the plaintiffs herein who entered into possession of the bar and the premises involved. The assignment was duly recorded with the County Clerk and Recorder of Cascade County.

The lease to Earl and Carlisle contained this clause:

"In the event of a contemplated sale of said premises during the term of this lease, or extended term thereof, Lessor hereby agrees to give to Lessees a notice in writing, at least ten (10) days before the contemplated sale, of the substance of the terms on which said sale is proposed to be made, which notice shall be by registered mail, addressed to Lessees at the said premises; and thereupon, within ten (10) days from the date of mailing said notice, Lessees shall have the right to purchase said premises upon the terms and conditions expressed in such notice, and on the failure of Lessees

to exercise such option within the time aforesaid this option hereby granted to Lessees shall be and stand cancelled."

The complaint, as finally amended, alleges that at no time did defendant Zuckerman or any agent or employee give to plaintiffs, or their predecessors in interest, written notice of intention to sell as required by the lease. It alleges that on November 29, 1954, in violation of the lease, defendant Zuckerman attempted to sell the property involved to defendant Obstarczyk by an instrument duly acknowledged and recorded. It alleges that the attempted sale was and is fraudulent and fictitious; that neither plaintiff, nor their predecessors in interest, received notice by registered mail of their right to exercise the option to purchase; that they are ready, willing and able to purchase the premises on the terms on which the alleged sale was made to defendant Obstarczyk.

The court found that the attempted sale to Obstarczyk was and is null and void; that no notice was received by plaintiffs containing terms of the proposed sale to Obstarczyk as provided in the lease. It found that plaintiffs are entitled to purchase the premises on the same terms and conditions as set forth in the agreement between Zuckerman and Obstarczyk. It found specifically that the alleged sale to Obstarczyk was fraudulent and void.

Defendants have appealed from the judgment in favor of plaintiffs.

The determinative point in the case is whether notice was given plaintiffs or their predecessors in interest as provided in the contract so as to enable them to exercise the right and option to purchase. Or more specifically stated, did the trial court err in finding that no notice was given?

■ If there be in the record substantial evidence supporting that finding, we will not disturb the ruling even though the evidence be conflicting.

The evidence bearing on this point consisted of the following: Mr. Zuckerman was called by plaintiffs as an adverse witness.

A letter and envelope were then admitted in evidence. The envelope reads as follows:

" Law Office of                          (Cancelled postage in
Hall, Alexander & Burton                     amount of $ .40)
    Strain Building
  Great Falls, Montana
     SN

---

    7-1-54/       Returned
      5           To
                Writer
Found In Ordinary Mail  Reason Checked
                Unclaimed X
                            Second Notice
Return Receipt Requested         Jul. 7, 1954
                         Great Falls, Mont.
             Mr. William H. Earl
          ~~204 THIRD AVENUE NO.~~
           Great Falls, Montana
            222 Central Ave.
Registered Mail—R.R.R.      Found In Ordinary Mail

---

            Registered

---

           No. 16893  "

---

The letter itself reads as follows:

"Mr. William H. Earl
Great Falls, Montana
"Dear Sir:

"Without prejudice to the rights of either party in the action now pending in the District Court of Cascade County, wherein you, together with Andrew A. Balko and George A. Bartnich [sic] are plaintiffs and the undersigned is defendant, you are hereby advised as follows:

"The undersigned contemplates selling the building known as and described as No. 222 Central Avenue, Great Falls, Montana, a portion of which building is now occupied by Balko and Bartnich [sic] under some arrangement with you. The sale price is $50,000.00, to be paid as follows: $5,000.00 upon execution of contract for deed; the balance at the rate of $205.00 per month. Vendor will reserve living quarters upstairs in said building for the duration of his life, and shall have the right, during the term of the contract, to inspect the building for the purpose of ascertaining whether the same is being kept in repair. Vendor will pay one-half ($\frac{1}{2}$) the taxes and assessments for the year 1954. Vendee will pay one-half ($\frac{1}{2}$) the taxes for 1954 and all taxes and assessments thereafter levied upon the property. Building and all fixtures therein to be kept in good state of repair during term of contract. Deed to be placed in escrow and delivered upon full performance of the contract.

"You are hereby given ten (10) days from and after June 30th, 1954, in which to purchase the above-described property upon the terms set above set forth.

"Yours very truly,<br>James Zuckerman"

Mr. Zuckerman said that the reason why he sent the letter to the home address of Mr. Earl rather than to the Pension Bar is because "He didn't have the bar then".

Mr. S. M. Swanberg, attorney for Mr. Earl, testified that neither he nor Mr. Earl ever received a notice; that if Earl had received such a notice he would have shown it to the witness.

Mr. Zuckerman testified that Earl never got the letter; that he "wouldn't accept it". When asked as to who opened the letter when it was returned he said: "My attorney opened it."

The notice shows that Balko and Bartnick were both interested in the lease yet the notice was addressed merely to Earl.

Earl testified that he resided at 204 Third Avenue North in the winter and on a farm near Chester, Montana, in the summer.

He said he never before the trial saw the letter or the envelope. At the time the letter was sent he was at the ranch south of Chester. Balko and Bartnick were then operating the bar; that he never received a notice with reference to his option to purchase the property.

He never refused to claim the letter because he was not at the given address when it was supposed to have been delivered. The address on the envelope of 222 Central Avenue was written with a pencil.

Balko testified that he never received any notice of any kind and that no notice had been sent to Earl by registered letter and left at the Pension Bar. That it was common knowledge around the bar that Earl lived at Chester during the summer and that if any letter came to him at the bar it would be delivered to him.

The postmaster at Great Falls testified that when a registered letter is checked out by the carrier and not delivered, it is returned to the registry section; that the carrier leaves a notice at the address of the addressee that the mail can be picked up at the post office; that if the first notice fails to bring results a second notice is mailed to the same address or the last known address of the party to whom the letter is addressed. If the second notice goes unheeded the mail is returned to the sender.

Asked whether the carrier puts on a different address he said, "No. Unless they have an official notice made out by the patron, they have no right to assume that this man has moved, or to assume that he is at another address."

These and other circumstances in the record tend to support the finding of the trial court that no notice was received by plaintiffs or their predecessors in interest of their option to purchase as provided in the lease and that the attempted sale to Obstarczyk therefore was null and void. There being ample credible evidence sustaining the trial court's findings, we are not at liberty to interfere with them even though there may be some evidence to the contrary.

■ Defendants contend that the complaint does not state facts sufficient to constitute a cause of action. They contend that by continuing to pay rent after the attempted sale to Obstarczyk, plaintiffs waived the right to purchase and are estopped to claim that right.

Defendants rely on a letter written by plaintiffs to Mr. Zuckerman after the attempted sale to Obstarczyk, in which they stated:

"We shall continue to observe the terms of the lease and shall continue to pay the rental as prescribed therein at the First National Bank, the same as we have done since taking possession of the premises under the lease in question."

We see no merit in this contention. Plaintiffs waived no rights by continuing the payment of rent so as to prevent default rendering the lease subject to termination.

■ It is also contended that plaintiffs are not the real parties in interest because they made a sublease and sale of the Pension Bar to Kenneth and Helen Palagi on January 18, 1958, and that no justiciable controversy exists between the parties to this action. It is true that a sublease was given by plaintiffs to Kenneth and Helen Palagi, but on January 31, 1958, they entered into a contract wherein they made it clear that plaintiffs retained the right of purchase and hence, are the real parties in interest. That contract contains this clause: "* * * that the option to purchase under the said terms of said lease marked Exhibit 'A' was not to be granted to the said Kenneth Palagi and Helen Palagi; and that the said Esther M. Hill and Dewey S. Malek were to retain, and do still retain, the option to purchase the said described premises, at 222 Central Avenue, Great Falls, Montana." Hence, plaintiffs are the real parties in interest so far as the right to exercise the option to purchase is concerned and a justiciable controversy exists between the parties to this action.

■ Some contention is made that the option to purchase did not extend to the entire building, but only to the Pension

Bar. We do not agree with this contention. The lease was not limited to the Pension Bar.

The lease contains this clause: ''Lessees are hereby given the first right to rent the space now occupied by the Big 6 Barber Shop which is located in the same building as the premises hereinabove described.'' Inclusion of the provision regarding the right to lease the barber shop, as well as other circumstances, indicates that the lease was intended to cover the entire building, including the second floor apartment occupied by defendant Zuckerman.

Other contentions made by defendants have been given consideration, but we find no justification for disturbing the findings and conclusion of the trial court.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and CASTLES concur.

MR. JUSTICE BOTTOMLY not participating.